# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.                  CASE NO: 8:05-CR-142-T-30MSS

RUBY L. SAUNDERS
_____/

## ORDER

This cause comes on for consideration of Defendant's motion seeking a sentence reduction under 18 U.S.C. § 3582. (D-144.)

The United States Sentencing Commission has promulgated Amendment 750 lowering the base offense level for cocaine base (crack cocaine) offenses effective November 1, 2011. The Commission decided this Amendment should be applied retroactively. Defendant seeks a reduction in sentence based on Amendment 750.

A review of the November 16, 2011 supplemental report of the United States Probation Office reflects that the motion should be DENIED.

Title 18, section 3582(c)(2) provides that the district court has the discretion to modify a term of imprisonment after it has been imposed as follows:

in the case of a defendant who has been sentenced to

a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant ... or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Section 1B1.10(a) of the Sentencing Guidelines specifically provides that a reduction in a defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2) when "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c)...." U.S.S.G. § 1B1.10(a). The Sentencing Commission included Amendment 750 (Parts A and C only) within subsection (c). U.S.S.G. § 1B1.10(c). However, a reduction in sentence is not consistent with the policy statement and not authorized under 18 U.S.C. § 3582(c) if the covered amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

In the instant case, Defendant pled guilty to conspiracy to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 846. Based on the amount of drugs involved in the offenses charged Defendant's base offense level was 32. (PSI

¶ 22.)

Defendant's sentence, however, did not rest on Section 2D1.1 of the Sentencing Guidelines. Because Defendant was a career offender, her base offense level was increased to 37 under Section 4B1.1 of the Sentencing Guidelines, not Section 2D1.1. (PSI ¶ 31, 32.) Defendant received a three-level downward adjustment for acceptance of responsibility, thus her Enhanced Offense Level became 34. (PSI ¶ 33, 34.) Given her Enhanced Total Offense Level and her enhanced criminal history category of VI, Defendant's guideline range was 262 to 327 months. (PSI ¶ 83.)

At sentencing, the Court granted the Government's motion for downward departure based on Defendant's substantial assistance under U.S.S.G. § 5K1.1 and departed downward eight levels. The Court also granted Defendant's motion relating to over-representation of her criminal history. Defendant's Total Enhanced Offense Level became 26 and her criminal history category became V. The Court sentenced Defendant to a term of imprisonment of 110 months.

Nonetheless, as at the time of sentencing, Defendant was found to be a career offender, the recent revisions pertaining to crack cocaine quantity do nothing to change the Defendant's

guidelines range and do not provide a basis for the Court to reduce her sentence in accordance with 18 U.S.C. § 3582(c). See United States v. Moore, 541 F.3d 1323, 1327 (11th Cir. 2008) (affirming the district courts' denials of sentence reduction where the defendants' sentencing ranges were based on their career offender designations), cert. denied, McFadden v. United States, 129 S.Ct. 965 (2009) and Moore v. United States, 129 S.Ct. 1601 (2009).

Furthermore, Defendant is not entitled to relief under the Fair Sentencing Act of 2010 which amended the mandatory minimum sentencing for crack penalties by reducing the crack to power cocaine ratio from 100:1 to approximately 18:1. Significantly, the FSA is not retroactive. United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010), cert. denied, 131 S.Ct. 1833 (2011). Defendant committed the offense 5 years before the effective date of the FSA. The Court sentenced her in accordance with the penalties in place at the time she committed the offense.

Case No. 8:05-Cr-142-T-30MSS

It is therefore ORDERED and ADJUDGED that:

1) Defendant's motion seeking a sentence reduction under 18 U.S.C. § 3582. (D-144) is DENIED.

DONE AND ORDERED in Tampa, Florida, this 3rd day of January, 2012.

WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT